IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| KYUNG TAE KIM, A# 201 637 626,<br><br>  350 N State HWY 360 Apt 9208<br>  Mansfield, TX 76063<br><br>   Plaintiff,<br><br>v.<br><br>UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,<br><br>Serve:  U.S. Citizenship & Immigration<br>         Services<br>         5900 Capital Gateway Dr<br>         Camp Springs, MD 20588<br><br>UR MENDOZA JADDOU, Director of the United States Citizenship and Immigration Services,<br><br>Serve:  U.S. Citizenship & Immigration<br>         Services<br>         5900 Capital Gateway Dr<br>         Camp Springs, MD 20588<br><br>and,<br><br>ANN MARIE JORDAN-STARKS, Director of the St. Louis Field Office of the United States Citizenship and Immigration Services,<br><br>Serve:  Ann Marie Jordan-Starks<br>         USCIS<br>         1222 Spruce Street, Room 2205<br>         St. Louis, MO 63103<br><br>   Defendants. | Case No. 4:22-cv-161 |

1

## COMPLAINT IN THE NATURE OF MANDAMUS ARISING FROM DEFENDANTS' REFUSAL TO ADJUDICATE PLAINTIFF'S APPLICATION TO ADJUST STATUS

Plaintiff Kyung Tae Kim respectfully requests a hearing before this Honorable Court to make a determination on Plaintiff's application to adjust status, or alternatively requesting that this Honorable Court issue a writ of mandamus compelling Defendants to adjudicate Plaintiff's long-delayed application to adjust status.

## PARTIES

1. Plaintiff Kyung Tae Kim is a citizen of The Republic of Korea.

2. On January 7, 2019, Plaintiff's employer filed an I-140 Petition for Alien Worker on behalf of Plaintiff.

3. Defendants approved the I-140 Petition on February 27, 2019. This approval rendered Plaintiff Kyung Tae Kim eligible to adjust status.

4. Plaintiff filed a timely I-485 Application for Adjustment of Status on April 24, 2019. Defendants assigned Receipt Number MSC1990943750 to Plaintiff's case.

5. USCIS completed the fingerprinting and photographing of Kyung Tae Kim as part of the processing of the pending application.

6. On May 8, 2019, Plaintiff filed an I-485J Form. The Receipt Number is MSC1919450162.

7. Defendants conducted an interview on Plaintiff's pending green card application on November 18, 2019.

8. Defendants conducted a second interview on Plaintiff's pending green card application on March 11, 2020.

9. On October 19, 2021, Plaintiff filed another I-485J Form. The Receipt Number is MSC2201950080.

10. Since then, the Defendants have taken no action on the pending green card application.

11. Since Kyung Tae Kim filed the applications with USCIS, Plaintiff has made repeated requests to have the green card case finally adjudicated.

12. Despite numerous calls to USCIS and their attempts to prompt movement on the case, Kyung Tae Kim's application to adjust status has remained pending far longer than is reasonable.

13. USCIS has refused to adjudicate Kyung Tae Kim's application in accordance with applicable legal criteria.

14. Plaintiff brings this action to compel the USCIS to finally adjudicate the pending applications as required by law.

15. Defendant United States Citizenship and Immigration Services (hereinafter sometimes referred to as "the USCIS") is the component of the DHS that is responsible for processing adjustment of status applications.

16. Defendant Ur Mendoza Jaddou, Director of the USCIS, is the highest ranking official within the USCIS.  Jaddou is responsible for the implementation of the INA and for ensuring compliance with all applicable federal laws, including the APA.  Jaddou is sued in an official capacity as an agent of the government of the United States.

17. Defendant Ann Marie Jordan-Starks is the Director of the USCIS St. Louis Field Office and is sued only in an official capacity, as well as any successors and assigns. The St. Louis Field Office has jurisdiction over applications for adjustment of status for immigrants in Mansfield, TX, where Plaintiff resides. Plaintiff's interviews were conducted by the USCIS St. Louis Field Office.  Jordan-Starks is responsible for the implementation of the INA and for ensuring compliance with all applicable federal laws, including the APA.  Ann Marie Jordan-

3

Starks is sued in an official capacity as an agent of the government of the United States.

## JURISDICTION AND VENUE

18. This Honorable Court has federal question jurisdiction over this cause pursuant to 28 U.S.C. § 1331, as it raises claims under the Constitution of the United States, the INA, 8 U.S.C. § 1101 et seq., and the APA, 5 U.S.C. § 701 et seq, in conjunction with the Mandamus Act, 28 USC § 1361.

19. Venue is proper pursuant to 28 U.S.C. § 1391(e)(1) because (1) Defendants are agencies of the United States or officers or employees thereof acting in their official capacity or under color of legal authority; (2) no real property is involved in this action, and; (3) the Defendants all maintain offices within this district.

## FIRST CLAIM FOR RELIEF
### (Agency Action Unlawfully Withheld and Unreasonably Delayed)

For the first claim for relief against all Defendants, Plaintiff alleges and states as follows:

20. Plaintiff realleges and incorporates by reference the foregoing paragraphs as though fully set out herein.

21. The APA requires that "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it."  5 U.S.C. § 555(b).  Section 555(b) creates a non-discretionary duty to conclude agency matters. *Litton Microwave Cooking Prods. v. NLRB*, 949 F.2d 249, 253 (8th Cir. 1991).  A violation of this duty is a sufficient basis for mandamus relief.

22. The APA permits this Honorable Court to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1).

23. Plaintiff alleges that the application has been in administrative processing beyond a reasonable time period for completing administrative processing of the adjustment of status

application.

24. The combined delay and failure to act on Kyung Tae Kim's adjustment of status application is attributable to the failure of Defendants to adhere to their legal duty to avoid unreasonable delays under the INA and the applicable rules and regulations.

25. There are no alternative adequate or reasonable forms of relief available to Plaintiff.

26. Plaintiff has exhausted all available administrative remedies in pursuit of a resolution of this matter, including repeatedly requesting the processing of the case with the USCIS via phone and InfoPass appointments. Plaintiff has also contacted congressman Jason Smith. All to no avail.

## SECOND CLAIM FOR RELIEF
### (Violation of Right to Due Process of Law)

For the second claim for relief against all Defendants, Plaintiff alleges and states as follows:

27. Plaintiff realleges and incorporates by reference the foregoing paragraphs as though fully set out herein.

28. The right to fundamental fairness in administrative adjudication is protected by the Due Process Clause of the Fifth Amendment to the United States Constitution.  Plaintiff may seek redress in this Court for Defendants' combined failures to provide a reasonable and just framework of adjudication in accordance with applicable law.

29. The combined delay and failure to act by Defendants has violated the due process rights of Plaintiff.

30. The combined delay and failure to act by Defendants has irrevocably harmed Plaintiff in the denial of an opportunity to claim lawful permanent resident status, as well as the

ability to sponsor family members for residence in the U.S. and in various other ways.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff Kyung Tae Kim requests the following relief:

1. That this Honorable Court assume jurisdiction over this action;

2. That this Honorable Court issue a writ of mandamus compelling Defendants to promptly complete all processing of Kyung Tae Kim's application to adjust status within sixty days;

3. That this Honorable Court take jurisdiction of this matter and adjudicate Kyung Tae Kim's application to adjust status pursuant to this Court's declaratory judgment authority;

4. That this Honorable Court issue a writ of mandamus compelling Defendants to issue a green card to Kyung Tae Kim;

5. That this Honorable Court issue a writ of mandamus compelling Defendants to explain to Plaintiff the cause and nature of the delay and inform Plaintiff of any action they may take to accelerate processing of the application to adjust status;

6. Attorney's fees, legal interests, and costs expended herein, pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412;

7. Such other and further relief as this Honorable Court may deem just and proper.

**RESPECTFULLY SUBMITTED**
**February 10, 2022**

*/s/ James O. Hacking, III*
James O. Hacking, III
Hacking Immigration Law, LLC
10900 Manchester Road, Suite 203
St. Louis, MO 63122
(O) 314.961.8200
(F) 314.961.8201
(E) jim@hackingimmigrationlaw.com

**ATTORNEYS FOR PLAINTIFF**
**KYUNG TAE KIM**